UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACY NEWMAN, #215269,

       Plaintiff,

                                    CASE NO. 4:08-CV-13019
v.                                 HONORABLE PAUL V. GADOLA

DETROIT POLICE OFFICERS,

       Defendants.
_____/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT
AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I.    Introduction**

       Stacy Newman ("Plaintiff"), a Michigan prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. This Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that Detroit Police Officers improperly confiscated his vehicles, along with personal property contained in those vehicles, in 2003 and 2006. Plaintiff seeks monetary damages and other appropriate relief.

       Having reviewed the complaint, the Court now dismisses it for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and dismisses any claims arising from events in 2003 as untimely. The Court also concludes that an appeal in this action cannot be taken in good faith.

**II.    Discussion**

       Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996)

1

("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that Plaintiff's complaint is subject to dismissal.

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).

As noted, Plaintiff alleges that the Detroit Police have improperly confiscated his vehicles and personal property. Because Plaintiff asserts an intentional deprivation of property without due process, he fails to state a claim upon which relief may be granted. In a civil rights action alleging the deprivation of property without procedural due process, "the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate . . . the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983); *see also Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). The plaintiff must

2

prove the due process element, the inadequacy of state processes, even if the property deprivation was intentional. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Vicory*, 721 F.2d at 1065. Plaintiff has not done so. The State of Michigan provides several adequate post-deprivation remedies to address Plaintiff's claims. *See, e.g., Copeland*, 57 F.3d at 480; *Etheridge v. Evers*, 326 F. Supp. 2d 818, 824 (E.D. Mich. 2004). Plaintiff has not shown that state remedies are inadequate for redressing any wrongs concerning the confiscation of his property. Consequently, his claims regarding the loss of his property must be dismissed.

Additionally, to the extent that Plaintiff may be challenging any criminal conviction which caused his property to be confiscated, he fails to state a claim for relief. A claim under § 1983 is an appropriate remedy for a prisoner challenging a condition of his imprisonment. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Claims addressing the validity of his criminal proceedings or continued confinement are not properly brought under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the prisoner. *Id.* at 487-89. Plaintiff has not shown that any criminal conviction has been reversed on appeal or otherwise declared invalid. Thus, any challenge to his criminal conviction is also subject to dismissal.

Lastly, the Court notes that Plaintiff's claims arising from any confiscation of property in

2003 are untimely.[1]  In *Wilson v. Garcia*, 471 U.S. 261, 276 (1985), the United States Supreme Court directed federal courts to apply the single most analogous state personal injury statute of limitations to claims brought under 42 U.S.C. §1983.  In Michigan, the three-year statute of limitations for personal injury actions in Michigan Compiled Laws § 600.5805(8) is the uniform limitations period applied to § 1983 claims arising in Michigan.  *See, e.g., Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986).  The statute of limitations period begins to run when a plaintiff knows or has reason to know that the act providing the basis of his injury occurred.  *See Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)).  Plaintiff's allegations as to any events in 2003 are untimely as he dated his complaint on June 27, 2008 – well beyond the three-year limitations period.[2]  Accordingly, Plaintiff's claims regarding the confiscation of his property in 2003 are untimely and must be dismissed.

## III.  Conclusion

For the reasons stated above, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted, that his claims concerning events in 2003 are untimely, and that his civil rights complaint must be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

---

[1] The Court has discretion to raise the statute of limitations issue *sua sponte* in screening a civil rights complaint.  *See Scruggs v. Jones,* 86 Fed. Appx. 916, 917 (6th Cir. 2004) (affirming district court's *sua sponte* dismissal of civil rights complaint on statute of limitations grounds); *Watson v. Wayne Co.*, 90 Fed. Appx. 814, 815 (6th Cir. 2004) (court may *sua sponte* raise statute of limitations issue when the defense is apparent on face of the pleadings) (*citing Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995)).

[2] In *Hardin v. Straub*, 490 U.S. 536 (1989), the United States Supreme Court held that a federal court applying a state statute of limitations to an inmate's federal civil rights action should give effect to the state's provision tolling the limitations period for prisoners.  Under Michigan law, however, incarceration is no longer a basis for tolling the statute of limitations. *See* Mich. Comp. L. § 600.5851(9), (10) (effective April 1, 1994).

The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**SO ORDERED.**

Dated:     July 30, 2008                                           s/Sean F. Cox for
                                                                                  HONORABLE PAUL V. GADOLA
                                                                                  UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   August 4, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
_____ , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____Stacy Newman_____.

                                                                                  s/Ruth A. Brissaud
                                                                                  Ruth A. Brissaud, Case Manager
                                                                                  (810) 341-7845

---